Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2464 | **DATE** | 7/2/2013 |
| **CASE TITLE** | Zurawski vs. Chicago Transit Authority | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [11] is denied.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

**Background**

Plaintiff Peter Zurawski ("Zurawski") alleges that the Chicago Transit Authority ("CTA") terminated his employment and failed to accommodate his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12117, and the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.*, ("ADEA"). The CTA moves to dismiss both Zurawski's ADA and ADEA claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Zurawski opted to respond to the CTA's motion orally in open court instead of in writing. The CTA replied orally as well. For the following reasons, the CTA's motion is denied in its entirety.

**Discussion**

*1. ADEA Claim*

A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This statement need "only provide the defendant with fair notice of what claim is being alleged and the grounds upon which it rests." *Balsamo v. One Source, N. Reg'l Commuter R.R. Corp.*, No. 04 C 6172, 2005 U.S. Dist. LEXIS 6241, at *19-20 (N.D. Ill. Feb. 16, 2005). In this case, the CTA moves to dismiss Zurawski's ADEA claim for failure to adequately plead certain elements necessary to establish a prima facie case of age discrimination. However, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff in an employment discrimination case need not allege facts corresponding to each element of a prima facie case of age discrimination. *See Braun v. CDW LLC*, No. 12 C 7037, 2013 U.S. Dist.

## STATEMENT

LEXIS 51748, at *6-7 (N.D. Ill. Apr. 10, 2013). Here, Zurawski alleges that he was over forty years of age, he was performing the essential functions of his job, he was wrongfully terminated, and younger employees or applicants were selected for open positions which he was qualified to perform. (Compl. at ¶¶ 3, 5, 8, 12). These allegations are sufficient to provide the CTA with fair notice of what claim is being alleged and the grounds upon which it rests.

*2. ADA Claim*

The CTA moves to dismiss Zurawski's ADA claim for failure to adequately allege that he is qualified to perform the essential functions of his job. Once again, Zurawski need only provide a short and plain statement of the claim showing that he is entitled to relief. In this case, Zurawski need not list every essential function of his job. Zurawski adequately lists a few essential functions in his complaint (Compl. at ¶ 5) which are sufficient to put the CTA on notice of what claim is being alleged and the grounds upon which it rests. The CTA offers no support for its proposition that Zurawski must list all essential functions of his job in order to state a claim under the ADA.

**Conclusion**

Accordingly, defendant's motion to dismiss is denied.